No. 2645.—JULIA A. NUTT, use of, etc., et al. *v.* CITIZENS' BANK OF LOUISIANA.

Where a stockholder of the Citizens' Bank gave a mortgage on his property to secure the subscription of stock, and to secure a stock loan, under the charter of the bank, which provided that each stockholder should be entitled to a loan of one-half of the amount of his stock, and the mortgage stipulated that the property mortgaged should stand hypothecated for any stock loan so made, it was held that the mortgage included in its securities such stock loan; that the statements in the charter of the bank, that one-half of the amount of the stock was the maximum which the bank was authorized to loan to a stockholder on pledge of his stock, and the recital in the act of mortgage of the number of shares of stock owned by the mortgagor, was sufficiently definite, and operated a notice to all parties of the extent of the incumbrance on the property mortgaged.

Parties acting in a representative capacity or holding bank stock, and having assumed the obligation of the mortgagor to pay the stock and reimburse the bank for a stock loan, occupy the same position towards the bank that the orignial mortgagor did, and if there be any doubt their acts will be interpreted against them.

The assumption of a mortgage by a third purchaser, or mortgagee is not a novation of the mortgage. Novation only takes place when the intention of the parties to novate is distinctly announced. The fact that the bank stock was transferred subsequent to the real estate subject to the mortgage given to secure the payment of the stock, did not affect the mortgage rights of the bank.

APPEAL from the District Court, parish of Tensas. *Hough*, J. *Mayo & Spencer* and *Farrar & Reeves*, for plaintiff and appellant. *Julius Aroni*, for defendant and appellee.

HOWELL, J. The question presented in this suit is, whether or not two acts of mortgage executed respectively on twentieth February, 1838, and fifteenth January, 1839, by Austin Williams and wife in favor of the Citizens' Bank, to secure five hundred shares of the capital stock of said bank, embrace within their security such loans as might be made under the provisions of the charter of the bank to said A. Williams as a stockholder, on his said stock.

The language of the said acts on this point is as follows: "And in order to secure his subscription in the capital stock of said bank, and also to secure the payment of the principal and interest of the loan raised or to be raised to form the capital of said bank by the issue of bonds signed by the Governor, etc., * * they do, by these presents, jointly and severally mortgage in favor of the Citizens' Bank of Louisiana, the following described property, * * All of which property is to remain thus mortgaged until all of said bonds shall have been paid and redeemed in capital and interest, or until said Austin Williams shall have paid the amount of his shares, and have reimbursed the loan which he may have obtained as stockholder, unless he should have previously transferred his shares and have been entirely discharged by the said bank. The said Austin Williams and Mrs. Caroline M. Williams, his wife, agree that the present hypothecary obligation granted by them to secure said stock and the reimbursement of any loan which he, the said Austin Williams, may or shall have obtained of said bank, shall bear interest at the rate of ten per cent. per annum, if not punctually paid when due, and that all the above described property shall likewise remain specially mortgaged to

secure the payment of such eventual interest. The said Mrs. Caroline M. Williams does hereby renounce in favor of said bank all rights and privileges, whether dotal or of any other kind or nature whatever, which they may have upon the above described property, ceding and transferring her said rights to the said bank."

The existence and validity of the obligations resulting from the subscription of Williams to five hundred shares of the capital stock of the bank, and of the mortgages securing them, granted by the said acts of 1838 and 1839, are not questioned; but, it is contended by plaintiffs, whose rights are derived through Mrs. C. M. Williams, the mother of the plaintiff, Mrs. Nutt, that the said acts did not grant or create a mortgage to secure any loan or loans made to Williams or his wife or any subsequent owner of the mortgaged property, and that if they expressly embraced the loans upon the stock, the mortgages are void, because the exact sum or sums secured are not declared in them as required by article 3277 Civil Code.

In the case of the Citizens' Bank v. Nicolas, 3 An. 112, the stipulations and recitals in the act of mortgage were similar to those in this case, and virtually the same grounds of defense were made, and were decided in favor of the bank upon the authority of the decision in the case of the Union Bank v. Guice, 2 An. 249, in which it is said: "It was provided by the charter of the bank that, after the sale of the State bonds, each stockholder should be entitled to a loan, equal in amount, to one-half of his stock. The acts of mortgage stipulated that the property affected for the security of the stock, was also to stand hypothecated for the stock loans," and it was held that the mortgage, the stipulations of which, the record shows, are similar to those in this case, was valid, the sum being stated with sufficient definiteness.

In the case at bar, the charter, which is quoted by both parties, provides that each stockholder shall be entitled to a loan equal to one-half of his stock as in the above mentioned charter, and the two acts of mortgage under review state the amount of the stock secured by the mortgage and also that it (the mortgage) is granted to secure the stock and the reimbursement of any loan obtained by said stockholder. This, according to the interpretation in the above cited cases, is a stipulation in the acts of the maximum to be advanced, to wit, one-half of the amount of the stock subscribed. All persons are informed by said acts that the property described in them is encumbered with a mortgage for loans to be made to the extent of one-half of the stock mentioned in addition to the amount of the stock itself. The case in 3 Annual, p. 112, is quite plain and direct on this point, as shown by the briefs and the opinion, and we must infer that the question has been considered settled since that date, as we do not find that it has since been agitated.

The parties in the case now before us, are in legal contemplation,

the parties to the original acts of mortgage, and if there be any doubt, the interpretation of those acts must be against the plaintiffs, who hold through the parties that contracted the original obligation, to wit: Mr. and Mrs. Williams, the parents of Mrs. Nutt, one of the plaintiffs, from her the other plaintiffs acquire—the origin of her right being the donation of a part of the price of the mortgaged property in the sale of it by her mother, Mrs. Williams, to Haller Nutt, the husband of plaintiff, who assumed the mortgage in favor of the bank.

The other points, as to the existence of a loan to Austin Williams prior to the sale to Haller Nutt and the novation of the mortgage by the latter, present no difficulty. The record shows that such a loan existed and that the mortgage was not novated, but expressly assumed by Haller Nutt for the balance of the said loan existing at the date of his purchase from his mother in law. The fact that the transfer of the stock was made at a subsequent date to that of the real estate subject to it, did not affect the mortgage rights of the bank. No act of the mortgagors could impair the rights of the bank.

We think the judge a quo decided correctly.

Judgment affirmed.

WYLY, J., concurring. In entertain a different view of the law (C. C. 3277) on the main point presented in this case, to wit: The necessity of expressing in the act of mortgage the exact sum for which it is given; but as the question seems to be settled in the decisions in 2 An. and 3 An., which are referred to in the opinion of the court, I will not render a dissenting opinion, but will concur only on the ground of stare decisis.

Rehearing refused.